Dwain Edward HUEBERT and Ladonna Mae Hunt, Trustees of the Ed Huebert 1989 Irrevocable Trust Dated July 14, 1989, and Grand Resources, Inc., Appellants,

v.

PRIME OPERATING COMPANY and Oklahoma Oil Tactics, Inc., Appellees.

No. 86947.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 1, 1996.

Burck Bailey, K. Nicholas Wilson, Oklahoma City, for Appellants.

Jay C. Jimerson, Oklahoma City, for Appellee Prime Operating Company.

Johnny G. Beech, Oklahoma City, for Appellee Oklahoma Oil Tactics, Inc.

## OPINION

HANSEN, Presiding Judge:

Appellants, Dwain Edward Huebert and Ladonna Mae Hunt, Trustees of the Ed Huebert 1989 Irrevocable Trust dated July 14, 1989, and Grand Resources, Inc., seek review of the trial court's order which granted the summary judgment motions of Appellees, Prime Operating Company ("Prime") and Oklahoma Oil Tactics, Inc. ("Tactics"). Appellants are the surface and 60% mineral owners of a tract of land located in Washita County. Prime became the operator of the Huebert # 1–29 well which was drilled on this land and which ceased production in 1990. In April, 1994, Tactics purchased all the equipment located on the surface and in the wellbore of the Huebert # 1–29 well. Tactics commenced plugging operations on the well and Appellants filed this lawsuit. A temporary injunction was granted but Appellants failed to post the required bond. The trial court lifted the injunction and Tactics completed plugging the well.

Appellants sued Prime and Tactics for damages for the plugging of the well. Specifically, they asserted causes of action against Appellees for breach of contract, breach of a nondelegable duty, breach of fiduciary duty, intentional and negligent destruction of property, and trespass. *Tactics then filed a cross-claim against Prime.*

The trial court sustained the summary judgment motions of Prime and Tactics. The trial court also dismissed "all *counterclaims* against the Plaintiffs" for damages incurred by Appellees. The order does not dispose of Appellee Tactics' cross-claim against Prime for breach of warranty. Nor does the order provide for the preparation and filing of a final judgment or order as to fewer than all claims upon an express determination that there is no just reason for delay, under 12 O.S.Supp.1995, § 994(A).[1]

By order dated September 10, 1996, this Court issued an order directing Appellants to show cause why this appeal should not be dismissed under 12 O.S.Supp.1991, § 994(A). In response, Appellants assert Tactics' cross-claim for breach of warranty is really an "action in indemnity" and that because Appellants' causes of action against Tactics have been dismissed, Tactics has no cross-claim for breach of warranty and the claim is moot.

In their cross-claim, Tactics stated:

---

1. Section 994(A) provides: "A. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the preparation and filing of a final judgment, decree, or final order as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the filing of a final judgment, decree, or final order. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the final judgment, decree, or final order adjudicating all the claims and the rights and liabilities of all the parties is filed with the court clerk."

5. *In the event Plaintiffs prevail on their claim* of entitlement to the equipment and for their claims of damages against Tactics, Prime would be liable to Tactics for such damages based under the legal theory of breach of warranty of title.

6. The Bill of Sale contains the following paragraph, which states:

> "TO HAVE AND TO HOLD said described equipment unto the said Oklahoma Oil Tactics, Inc., its successors and assigns forever, free, clear and discharged of and from all former grants, charges, taxes, judgments, mortgages and other liens and encumbrances of whatsoever nature."

7. Further, Tactics claims that Prime is liable for Breach of Warranty *even if Plaintiffs do not prevail* because the warranty of title has been breached by the bringing of the above styled and numbered cause of action against Tactics by Plaintiffs.

(Emphasis added.)

█ Regardless of the characterization of Tactics' cross-claim against Prime, there is no final judgment before this Court which disposes of all the claims presented to the trial court. Without such final judgment or an order which complies with 12 O.S.Supp. 1995, § 994(A), this appeal is premature. An adjudication of all multiple claims and the settlement of the rights and liabilities of all the parties to those claims is a sine qua non of an appealable event unless there is compliance with § 994(A). *Rodgers v. Higgins*, 871 P.2d 398, 404 (Okla.1993); *DeLuca v. Mountain States Financial Resources Corp.*, 827 P.2d 171 (Okla.1993). This dismissal shall not prejudice Appellants' right to bring a subsequent appeal in accordance with the Rules of Appellate Procedure in Civil Cases, after a final order is entered. This appeal is DISMISSED.

JOPLIN and BUETTNER, JJ., concur.